**YI MI QIU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2206–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Robert J. Pures II, New York, NY, for Petitioner.

Troy A. Eid, United States Attorney, District of Colorado, Terry Fox, Assistant United States Attorney, Denver, CO, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Yi Mi Qiu, a native and citizen of China, seeks review of an April 18, 2006 order of the BIA affirming immigration judge ("IJ") Alan Page's December 7, 2004 decision denying Qiu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Mi Qiu,* No. A97 390 338 (B.I.A. April 18, 2006), *aff'g* A97 390 338 (Immig. Ct. N.Y. City Dec. 7, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Here, because the IJ appropriately relied on material discrepancies between Qiu's oral and written testimony and supporting documentary evidence, *see Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005), it can be "confident[ly] predicted" that he would have reached the same conclusion absent his erroneous determination that Qiu's testimony regarding the pregnancy examination was implausible, *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006) (holding that remand was not required where(1) substantial evidence supports the error-free findings that the IJ made, (2) those findings adequately support the IJ's ultimate conclusion that petitioner lacked credibility, and (3) despite errors—considered in the context of the IJ's entire analysis—we can state with confidence that the IJ would adhere to his decision were the petition remanded.).

The IJ's adverse credibility determination is thus substantially supported as a whole. Because the only evidence of a threat to Qiu's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding

of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Additionally, because Qiu's CAT claim was predicated on the same facts as her claims for asylum and withholding of removal, the adverse credibility determination also precludes success on the CAT claim. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).